## McDONALD v. SCHNIPKE.

1. MILITIA—OFFICERS—REMOVAL—GOVERNOR.

   The governor's power to remove elective or appointive State officers, except legislative or judicial officers, for gross neglect of duty or for corrupt conduct in office, or for any other misfeasance or malfeasance therein, includes the power to remove adjutant general, notwithstanding claim that statutory provision for court-martial of staff officers should be followed (Const 1963, art 5, § 10; CL 1948, § 32.12).

2. QUO WARRANTO—ADJUTANT GENERAL—REMOVAL.

   Defendant adjutant general who had been appointed to such office after plaintiff had been removed therefrom by the governor following hearing and determination that plaintiff had been guilty of misfeasance, malfeasance, and gross neglect of duty *held,* in quo warranto proceedings to lawfully hold the office of adjutant general (Const 1963, art 5, § 10).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Governor § 5.
[2] 44 Am Jur, Quo Warranto §§ 22, 26, 34.
[3] 44 Am Jur, Quo Warranto § 100.
[4] 44 Am Jur, Quo Warranto § 122.

3. SAME—QUESTIONS REVIEWABLE.
    No opinion is rendered in quo warranto proceedings against present occupant of office of adjutant general as to issues of discipline, assignment, pay, or reduction in rank of defendant's predecessor, the plaintiff, where such questions were not submitted for determination by the Court of Appeals.

4. COSTS—PUBLIC QUESTION—QUO WARRANTO—ADJUTANT GENERAL.
    No costs are allowed in quo warranto proceedings wherein plaintiff, defendant's predecessor, challenged defendant's right to the office of adjutant general, a public question being involved (Const 1963, art 5, § 10; CL 1948, § 32.12).

Original action for writ of *quo warranto* by Major General Ronald D. McDonald against Major General Clarence C. Schnipke, adjutant general of Michigan, to test the right of defendant to the office of adjutant general. Submitted Division 2 May 10, 1966, at Lansing. (Docket No. 1,232.) Writ denied July 26, 1966. Leave to appeal granted by Supreme Court November 14, 1966. See 378 Mich 379, 380 Mich 14.

*George E. Bushnell, Jr.,* and *Gilbert E. Gove,* for plaintiff.

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for defendant.

BURNS, J.  Plaintiff was appointed May 1, 1959, adjutant general of Michigan for a term expiring at the pleasure of the governor.

On February 15, 1965, the governor commenced hearings to determine if the plaintiff should be removed from office, and on May 20, 1965, issued his determination that the plaintiff had been guilty of misfeasance, malfeasance, and gross neglect of duty and removed him from the position of adjutant general of Michigan.

The defendant was appointed to succeed him and plaintiff now challenges defendant's right to hold

said office by quo warranto, contending that he was unlawfully removed as adjutant general.

Plaintiff's claim is based upon the military establishment act, PA 1909, No 84, as amended by PA 1917, No 53 (CL 1948, § 32.12 [Stat Ann 1961 Rev § 4.604]), which states:

"Staff officers, including officers of the pay, inspection, subsistence and medical departments, hereafter appointed, shall have had previous military experience and shall hold their positions until they shall have reached the age of 64 years, unless retired prior to that time by reason of resignation, disability, or for cause to be determined by a court-martial legally convened for that purpose, and vacancies among said officers shall be filled by appointment from the officers of the militia of Michigan."

The governor acted under Const 1963, art 5, § 10, which states:

"The governor shall have power and it shall be his duty to inquire into the condition and administration of any public office and the acts of any public officer, elective or appointive. He may remove or suspend from office for gross neglect of duty or for corrupt conduct in office, or for any other misfeasance or malfeasance therein, any elective or appointive state officer, except legislative or judicial, and shall report the reasons for such removal or suspension to the legislature."

Plaintiff attempts to distinguish between civilian officers and military officers. However, the Constitution does not so distinguish. If the framers of the Constitution had meant to except the military officers, they could have excepted them with the legislative and judicial.

In our system of government the Constitution is the source of ultimate authority and in our opinion the governor had the right under the Constitution of

1963, art 5, § 10, to remove the plaintiff from office, and the defendant does lawfully hold office as adjutant general of Michigan.

During the oral argument the question of certain alternatives given to the plaintiff by the governor in the form of disciplinary action was raised. So there be no misunderstanding of this opinion, the issue of discipline, assignment, pay, or reduction in rank was not submitted in this case and we do not render any opinion on said questions.

Plaintiff's application for a writ of quo warranto is denied. No costs, a public question being involved.

McGregor, P. J., and Quinn, J., concurred.